UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMANDA TINGAY and
GREGORY TINGAY,

    Plaintiffs,

v

MICHIGAN DEPARTMENT of
HUMAN SERVICES, *et al.*,

    Defendants.

_____/

Case No. 1:13-cv-1181

HON. JANET T. NEFF

## OPINION AND ORDER

Plaintiffs, husband and wife proceeding pro se, initiated this civil action in October 2013, alleging various federal and state law claims against Defendants based on the placement of Amanda Tingay's name on a Child Abuse or Neglect Central Registry, maintained pursuant to MICH. COMP. LAWS § 722.627. The matter was referred to the Magistrate Judge for handling of all matters under 28 U.S.C. § 636(a) and § 636(b)(1)(A) and for submission of recommendations on dispositive motions under § 636(b)(1)(B). On January 8, 2014, Defendants filed a Motion to Dismiss (Dkt 16). The Magistrate Judge conducted a motion hearing and issued a Report and Recommendation (R&R), recommending that Defendants' motion be granted in part and denied in part (Dkt 31).

The matter is presently before the Court on the objections to the Report and Recommendation filed by Defendants Martha J. Burns, Gary Brink, Jennifer Swiatek, Mary Jo French, Luanne Briggs and Anna Appledorn (collectively, "Defendants") (Dkt 32). Defendants assert four objections,

requesting that this Court reject the Report and Recommendation and grant their motion to dismiss in its entirety. Plaintiffs filed a response to Defendants' objections (Dkt 34). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been properly made. For the following reasons, the Court denies Defendants' objections and approves and adopts the Report and Recommendation.

### 1. *Motion Standard*

Defendants first argue that the Magistrate Judge incorrectly applied the pleading standards enunciated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009), because, according to Defendants, the complaint in this case fails under these standards. Defendants emphasize throughout their objections that Plaintiffs' complaint "fails to plead with any specificity the alleged false statements by Brink and Swiatek" and that the "four corners" of Plaintiffs' complaint contain "nothing more than generalized legal conclusions and unwarranted logical and factual inferences" (Objs., Dkt 32 at 7, 14). Defendants assert that not until the motion hearing did Plaintiffs identify the alleged falsities (*id.* at 3-4).

Defendants' objection lacks merit. The Magistrate Judge accurately set forth the standard applicable to Defendants' motion to dismiss (R&R, Dkt 31 at 5-6), and, as set forth more fully *infra*, properly applied the standard in reviewing Plaintiffs' complaint.

### 2. *Qualified Immunity—Familial Integrity Claim*

Second, Defendants argue that the Magistrate Judge improperly denied Brink and Swiatek qualified immunity with respect to Plaintiffs' federal familial integrity claim. According to Defendants, the Magistrate Judge's recommendation denying qualified immunity to Brink and

Swiatek "hinges on the allegation that they engaged in 'intentionally false conduct'" (Objs., Dkt 32 at 5). Defendants argue that "outside of their mere conclusions, the Tingays have presented nothing showing that any difference in the investigative reports and any potential witness statement was not the result of an error, rather than intentional and deliberate falsification" (*id.*). Defendants assert that '[t]he alleged intentional falsifications by Brink and Swiatek were not material to the determination of maltreatment, and therefore Brink and Swiatek are entitled to immunity" (*id.* at 7).

Defendants' objection lacks merit.

Defendants' argument minimizes the scope of Plaintiffs' allegations in support of a violation of their right to familial integrity, a right described more fully by the Magistrate Judge in the Report and Recommendation. As stated in the first cause of action of their complaint, Plaintiffs allege that the "procedures used by the defendants Gary Brink, Martha Burns, Jennifer Swiatek, Mary Jo French and Anna Apppledorn [sic] in and during their investigation and the subsequent false placement of the petitioner onto Michigan Central Registry abridged the rights of petitioner to the care, companionship, and relations with her children and spouse as guaranteed by the first, forth [sic] and fourteenth amendment[s] of the U.S. constitution and Art 1, 2, 11 and 17 of the Michigan constitution" (Compl., Dkt 1 at 13).

Plaintiffs more fully describe the "procedures" Defendants used in the facts section of their complaint, stating in relevant part that Brink and Swiatek, without explanation, unnecessarily interviewed B.L.T. and A.G.T. a second time, just four days after the children were first interviewed in regards to the same complaint; that rather than performing separate and independent investigations, Brink and Swiatek conducted joint interviews, submitting "separate" reports that were "so identical it was as if they were written together at the same time and or even by the same

3

individual;" that Brink and Swiatek's third interview of B.L.T. violated proper forensic interview protocol and "[p]ut words into [the children's] mouths;" that Brink and Swiatek shredded their interview notes; that Brink and Swiatek exaggerated the child witness statements, "exaggerat[ing] beyond the point of what any reasonable person would normally do;" and that Brink and Swiatek "falsely, intentionally and negligently chose to place the petitioner, Amanda Tingay in central registry and cause the revocation of her foster care license" because they "disagreed with how the petitioners spoke to and chose to act in front of and the way they chose fit to raise their children" (*id.* ¶¶ 6-13, 57, 61, 67).

In sum, contrary to Defendants' argument, Plaintiffs' allegations detailing the deficiencies and improprieties in Brink and Swiatek's investigation sufficiently demonstrate that any difference in the resulting reports and potential witness statement was intentional, and not the result of mere error. The allegations are sufficient to state a plausible claim for a deprivation of Plaintiffs' right to familial integrity. Accordingly, the Magistrate Judge did not err in applying the federal pleading standards to the allegations in the complaint or denying Brink and Swiatek qualified immunity with respect to the claim.

### 3. *State Law Tort Claims*

Defendants argue that the Magistrate Judge erred in sustaining Plaintiff's state law tort claims of intentional infliction of emotional distress and negligence, which Plaintiffs set forth in their third and fifth causes of action in their complaint, respectively. Regarding the former, Defendants concede that making up allegations of child abuse would certainly go "beyond all possible bounds of decency," but Defendants assert that Plaintiffs do not allege that Brink and Swiatek created the allegations; rather, Defendants argue that Plaintiffs have alleged only a "difference," which is not

extreme and outrageous conduct, to wit: that Brink and Swiatek erroneously reported that Amanda Tingay put hot sauce on the minor child's lips, whereas Amanda Tingay indicated that she put hot sauce on the child's chin (Objs., Dkt 32 at 7). Defendants opine that they are "left to defend a federal law suit simply because their reports indicate that an alleged abuser put hot sauce on the wrong facial part of the alleged victim" (*id.* at 5). Further, Defendants point out that outside of their conclusory allegations, Plaintiffs have failed to present any factual support that the alleged false statements were made in bad faith, and were not merely the result of a mistake (*id.* at 8). Accordingly, Defendants conclude that the intentional infliction of emotional distress claim should not go forward (*id.*).

Defendants' objection lacks merit.

The Magistrate Judge found that intentionally falsifying evidence that a parent mistreated a child goes "beyond all possible bounds of decency" and is "utterly intolerable in a civilized community" (R&R, Dkt 31 at 21, citing *Innes v. Marzano-Lesnevich*, 87 A.3d 775, 795-96 (N.J. Super. Ct. App. Div. 2014)). Additionally, as delineated *supra,* Plaintiffs make numerous allegations demonstrating how the falsities that Brink and Swiatek included in their reports were intentionally or recklessly included, and not merely included as the result of a mistake. In sum, Defendants' arguments do not demonstrate any error by the Magistrate Judge in permitting the intentional infliction of emotional distress claim to go forward.

Next, Defendants argue that the allegedly intentional conduct by Brink and Swiatek cannot be the basis for a claim of negligence because all of Plaintiffs' claims "turn on the alleged intentional falsifications by Brink and Swiatek" (Objs., Dkt 32 at 8-9). Defendants' argument, which is premised on the holdings in two excessive force cases, lacks merit. The cases upon which Defendants rely stand for the proposition that if a plaintiff's claim of gross negligence is "fully

5

premised" on a claim of excessive force, then the gross negligence claim should be dismissed. *See Latits v. Phillips*, 826 N.W.2d 190, 197 (Mich. Ct. App. 2012); *VanVorous v. Burmeister*, 687 N.W.2d 132, 142 (Mich. Ct. App. 2004). Plaintiffs' complaint, in contrast, properly alleges facts that support each claim.

Last, Defendants argue that even if the negligence claims against Brink and Swiatek were allowed to go forward as such, the alleged false statements in their reports do not rise to the level of gross negligence (Objs., Dkt 32 at 9). According to Defendants, the difference between a report stating that hot sauce was put on the alleged victim's mouth versus her chin does not constitute "conduct so reckless so as to demonstrate a substantial lack of concern for whether an injury results" (*id.*, quoting MICH. COMP. LAWS § 691.1407(7)(a)). Again, Plaintiffs have not relied merely on the reporting of the hot sauce incident to support their claim, and their allegations state a plausible claim for relief. Defendants' argument does not demonstrate error by the Magistrate Judge in permitting the negligence claim to go forward.

### 4. *Injunctive Relief*

Last, Defendants argue that the Magistrate Judge improperly recommends that Plaintiffs' claims for injunctive relief survive. Defendants argue that because Plaintiffs are not actually seeking prospective relief, but injunctive relief based upon an alleged past harm, they are not entitled to the relief they seek, and no exception to Eleventh Amendment immunity applies (Objs., Dkt 32 at 9-10). Furthermore, Defendants argue that even if Plaintiffs could make out a violation of their respective state constitutional rights, Brink and Swiatek, two individual employees of the Department of Human Services, cannot provide the injunctive relief Plaintiffs seek, namely, the destruction of

records held by a two different state agencies, one of which is not even a party to the suit (*id.* at 12-13).

Defendants did not challenge Plaintiffs' request for injunctive relief in their motion and supporting brief (Dkts 16 & 17) or in reply to Plaintiffs' response (Dkt 29). In accordance with precedent in this Circuit and others, the Court declines to consider arguments that were not first presented to the Magistrate Judge. *See Becker v. Clermont Cnty. Prosecutor*, 450 F. App'x 438, 439 (6th Cir. 2011); *Murr v. United States*, 200 F.3d 895, 902-03 n.1 (6th Cir. 2000); *Marr v. Foy*, No. 1:07-cv-908, 2010 WL 3061297, at *7-8 (W.D. Mich. Aug. 3, 2010) (collecting cases). Therefore, this "objection" to the Magistrate Judge's Report and Recommendation is denied.

In sum, the Court holds that Defendants' objections fail to demonstrate any factual or legal error by the Magistrate Judge and therefore approves and adopts the Report and Recommendation as the Opinion of the Court. Accordingly:

**IT IS HEREBY ORDERED** that the Objections (Dkt 32) are DENIED, and the Report and Recommendation (Dkt 31) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (Dkt 16) is GRANTED IN PART and DENIED IN PART, as follows: (1) Plaintiffs' claims against Defendant Michigan Department of Human Services are dismissed; (2) Plaintiffs' claims seeking monetary relief against the individual defendants in their official capacity are dismissed; (3) Plaintiffs' claims seeking injunctive relief against the individual defendants in their official capacity go forward; (4) Plaintiffs' federal law family rights claims are dismissed as to Defendants Burns, French, and Appledorn; (5) Plaintiffs' federal law family rights claims against Defendants Brink and Swiatek in their personal capacity go forward; (6) Plaintiffs' state law family rights claims are dismissed as to Defendants Burns, French, and Appledorn; (7) Plaintiffs' state law family rights claims against Defendants Brink

and Swiatek in their personal capacity seeking monetary relief are dismissed; (8) Plaintiffs' state law family rights claims against Defendants Brink and Swiatek in their personal capacity seeking injunctive relief go forward; (9) Plaintiffs' procedural due process claims are dismissed; (10) Plaintiffs' state law claims for intentional infliction of emotional distress against Defendants Briggs, Burns, French, and Appledorn are dismissed; (11) Plaintiffs' state law claims for intentional infliction of emotional distress against Defendants Brink and Swiatek in their personal capacity go forward; (12) Plaintiffs' Fourth Amendment claims are dismissed; (13) Plaintiffs' state law negligence claims against Defendants Briggs, Burns, French, and Appledorn are dismissed; and (14) Plaintiffs' state law negligence claims against Defendants Brink and Swiatek in their personal capacity go forward.


Date: September 15, 2014              /s/ Janet T. Neff
                                     JANET T. NEFF
                                     United States District Judge